UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-04-DCR |
| V. | ) | |
| BRET A. DUNNING, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Bret Dunning's motion to suppress evidence seized from his home on April 30, 2013. [Record No. 25] Additionally, Dunning has requested an evidentiary hearing on this issue. [Record Nos. 25 and 45] The motion was referred to United States Magistrate Judge Edward B. Atkins for review and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On October 1, 2015, Magistrate Judge Atkins issued his report, recommending that Dunning's motion to suppress and that his request for an evidentiary hearing be denied. [Record No. 40] Thereafter, Dunning filed objections to the Report and Recommendation.[1] [Record No. 45]

Having reviewed the record along with the Report and Recommendation of Magistrate Judge Atkins, the Court concludes that the motion to suppress should be denied. Further, the Defendant's request for an evidentiary hearing will also be denied.

---

[1] Because Dunning filed objections to Magistrate Judge Atkins' Report and Recommendation, the Court will conduct a *de novo* review of the issues raised by the defendant. 28 U.S.C. § 636(b)(1).

I.

Dunning asserts that the affidavit underlying the search warrant for his home did not establish probable cause and that the good faith exception is inapplicable under the facts presented. [Record No. 25] He argues that, as a result, the fruits of the search should be suppressed.

The relevant facts are accurately summarized by Magistrate Judge Atkins as follows:

> On April 29, 2013, Detective Jason Merlo of the Kentucky State Police filed with a Floyd County District Court an application and affidavit for a search warrant of a residence located at 280 Leatherwood Lane in Dana, Kentucky. [R. 25-2 at 7]. Detective Merlo sought items related to the storage and sharing of child pornography. The affidavit contained information gathered by Detective Merlo on April 3rd during a computer query of IP addresses in Kentucky that were recently or actively sharing child pornography accessible on a popular peer-to-peer (P2P) sharing network, eDonkey. [Id.]. The computer query returned IP address 74.214.188.249 as one of the most recent addresses sharing exploitative material. [Id.]. Detective Merlo, through his training and experience, recognized several files – whose contents are uniquely identifiable through their assigned "hash values" – as containing child pornography. [Id.] He then subpoenaed Gearheart Communications to obtain subscriber information for the IP address that he found sharing those files between March 11 and April 3, 2013. [Id.] Gearheart Communications responded to the subpoena, stating that the IP address belonged to Defendant Bret Dunning, located at the 280 Leatherwood Lane address. [Id. at 8]. Detective Merlo further matched the address to the Defendant by observing several vehicles parked on the premises with tags registered to the Defendant. [Id.].
>
> On April 29, 2013, Detective Merlo again queried the IP address associated with the Defendant, and the P2P database displayed that the IP address was sharing 176 "notable" files, meaning that they were consistent with known exploitative material. [Id.]. Using this information, Detective Merlo applied for and obtained a warrant for a search of the Defendant's residence.

[Record No. 40, p. 1-2]

Dunning first argues that his Fourth Amendment rights were violated when, prior to obtaining a search warrant, Detective Merlo conducted a search of the defendant's home

computer using the Child Protection System ("CPS"), a computer database only available to law enforcement. Next, Dunning contends that the search warrant was invalid because the information obtained from the database was not sufficiently reliable to establish probable cause. [Record No. 25] Finally, he accuses Detective Merlo of knowingly and recklessly providing misleading information to the judge who issued the warrant, thereby foreclosing application of the good faith exception to the probable cause requirement. [Record No. 33]

**II.**

**A.  Accessing information shared over a public, peer-to-peer network does not constitute a "search" for Fourth Amendment purposes.**

Detective Merlo's affidavit explained that he identified Dunning as a suspect by accessing a "law enforcement database" that analyzes information from a public, peer-to-peer file sharing network. [Record No. 25-2 p. 6] Because, however, the public does not have access to this law enforcement database, Dunning contends that its use constituted an impermissible warrantless search of his home. [Record No. 25] In his report, Magistrate Judge Atkins concluded that the question of whether the database was available to the public was irrelevant because Dunning did not have a reasonable expectation of privacy in "publicly available content" shared over the P2P eDonkey network. [Record No. 40] The undersigned agrees with Magistrate Judge Atkins' conclusion regarding this issue.

"[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States*, 533 U.S. 27, 33 (2001). In *Kyllo*, law enforcement utilized thermal imaging technology without a warrant to detect high-intensity lamps used for marijuana growth in the defendant's home. *Id.* at 27. The Supreme Court ultimately concluded, "[w]here, as here, the Government uses

a device that is not in general public use, to explore details of the home that would previously have been unknowable without physical intrusion, the surveillance is a 'search' and is presumptively unreasonable without a warrant." *Id.* at 40.

But this case is distinguishable from *Kyllo*. Even though the database used to obtain the information is not publicly available, the same conclusion cannot be reached regarding the information itself. Because the peer-to-peer network allows users to share information with anyone who joins it, no one user can have a reasonable expectation of privacy in the information he receives or transmits over the network. Thus, , the allegedly pornographic images on Dunning's home computer were not "unknowable without physical intrusion" into his home. Anyone who joined the eDonkey network would have access to the same information.

Magistrate Judge Atkins cited a host of cases where other courts reached this same conclusion when confronted with similar facts and arguments. *See United States v. Dodson*, 960 F. Supp. 2d 689, 692 (W.D. Tex. 2013) (use of CPS software to view content on the eDonkey network was not a "search" for Fourth Amendment purposes); *United States v. Feldman*, No. 13-CR-155, 2014 WL 7653617, at *6 (E.D. Wis. July 7, 2014) (law enforcement utilized the database "not to peer into a suspect's home, as was the case in *Kyllo*, but to monitor Feldman's activities on a public peer-to-peer network, a space where Feldman had no reasonable expectation of privacy"); *United States v. Dennis*, No. 3:13-cr-10-TCB, 2014 WL 1908734, at *2 (N.D. Ga. May 12, 2014) ("So, even if CPS does collect information, it collects publicly available information, which does not run afoul of the Fourth Amendment.").

Even the unpublished opinion that Dunning attached reached the same conclusion. In *Louisiana v. Daigle*, No. KAT 11-1209 (3d Cir. May 2, 2012) [Record No. 33-1], the Third Circuit observed that other federal courts "have determined that defendants have no Fourth Amendment privacy rights in computer files that they have shared on file sharing networks." The *Daigle* Court also cites a number of published decisions from other circuits reaching the same conclusion. Conversely, Dunning has cited no authority that supports his contention that Detective Merlo's use of the database was impermissible under the Fourth Amendment. But in light of the abundance of case law holding otherwise, Dunning's warrantless search argument fails.

> **B.     The affidavit underlying the search warrant contained sufficient information to establish probable cause.**

Dunning next claims that his Fourth Amendment rights were violated because the judge who issued the warrant on April 29, 2013 did not have probable cause to do so. [Record No. 25] In response to this argument, Magistrate Judge Atkins found that Detective Merlo's affidavit demonstrated that probable cause did exist for issuance of the warrant. Again, the undersigned agrees with Magistrate Judge Atkins' conclusion.

When making probable cause determinations, the Fourth Amendment requires the issuing judge to consider "whether, given all the circumstances set forth in the affidavit before him … there is a fair probability that contraband or evidence of a crime will be found in a particular case." *United States v. Terry*, 522 F.3d 645, 648 (6th Cir. 2008) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). When reviewing the issuing judge's decision, a court should also consider the totality of the circumstances. *Gates*, 462 U.S. at 230-31. But

the reviewing court should give "great deference" to the issuing judge's probable cause determination. *United States v. Brown*, 732 F.3d 569, 573 (6th Cir. 2013).

According to Dunning, the issuing judge was not entitled to rely on Detective Merlo's affidavit because it contained "wholly conclusory" statements. [Record No. 25] The Supreme Court has held that an issuing judge cannot merely ratify "the bare conclusions of others" in making a probable cause determination. *Gates*, 462 U.S. at 239. However, in this case, Dunning's criticism is unfounded because the detective's affidavit presented the issuing judge with sufficient proof for issuance of a search warrant.

First, Dunning contends that the affidavit is deficient because Detective Merlo failed to confirm that Dunning's IP address was actively viewing child pornography at the time he applied for the warrant. [Record No. 25] The affidavit clearly refutes this contention. According to the affidavit, Detective Merlo first encountered Dunning's IP address in a search conducted on April 3, 2013. [Record No. 25-2, p. 6-7] Detective Merlo states that on that date, "[t]he database had seen the IP with 170 files, of which matched suspected child pornography hash values." *Id.* at p. 7. On April 29, 2013, the affidavit states that Detective Merlo again queried Dunning's IP address using the database and found 176 suspected child pornography files. *Id.* at 8.

Dunning also challenges the reliability of hash values, the alphanumeric codes Detective Merlo relied on to identify images known to contain child pornography. [Record No. 25] Dunning notes that Detective Merlo had not actually viewed the images on his computer before applying for the warrant. However, as Magistrate Judge Atkins observed, hash values "boast a reliability and accuracy akin to DNA: 99.99%." The Report and Recommendation mentions several cases where other courts have found hash values highly

reliable. *See United States v. Wellman*, 663 F.3d 224, 226 n. 2 (4th Cir. 2011) (also citing the 99.99 percent probability statistic). *See also United States v. Cartier*, 543 F.3d 442, 446 (8th Cir. 2008). The CPS manual, which Dunning attached to his motion as Exhibit B, also describes hash values as "more accurate than DNA." [Record No. 25-4] In *Cartier*, 543 F.3d at 446, the Eighth Circuit held in a similar case that hash values alone, without observation of actual images, represented sufficient evidence for the issuance of a warrant. The Fourth Amendment allows judges to issue warrants when "it is fairly probable, not certain, that the contraband will be found at the place to be searched." *Id.*

Finally, in his objections to the Report and Recommendation, Dunning claims that the affidavit was deficient because it failed to name the law enforcement database used and the procedure for proper use of the database. [Record No. 45] And he contends that the database was used improperly. However, the name of the database was not necessary to establish probable cause. Further, the name of the database, "The Child Protection System," has now been provided to Dunning along with the manual for its operation that Dunning attached to his motion. Dunning has offered no proof that Detective Merlo abused CPS or violated any procedures required for its use.

>    C.    **Because the issuing judge did not err in issuing the warrant, analysis of the good faith exception is unnecessary.**

In his objections, Dunning asserts, without offering any proof, that Detective Merlo knowingly and recklessly misled the issuing judge with the information he included in his affidavit. [Record No. 45] Dunning argues that this prohibits application of the good faith exception. *Id.* Where an officer relied in good faith upon the validity of a search warrant, the good faith exception prevents suppression of the resulting search's fruits. *United States*

*v. Leon*, 468 U.S. 897 (1984).  *See also United States v. Watson*, 498 F.3d 429 (6th Cir. 2007).  The exception only comes into play when the warrant contains a defect that would otherwise require the exclusion of evidence.

As Magistrate Judge Atkins noted in his report, Dunning's good faith exception argument "is based on the same reliability argument discussed above."  [Record No. 40, p. 7]  Like Magistrate Judge Atkins, the undersigned concludes that the data gathered using the CPS database is reliable and sufficient for the issuance of a warrant.  Because the warrant was properly issued, this Court need not further consider whether the good faith exception applies.

      **D.**    **Dunning has not made the requisite showing under *Franks* for an evidentiary hearing.**

In his motion and objections, Dunning requests that this court conduct an evidentiary hearing.  [Record Nos. 25 and 45]  A defendant is entitled to an evidentiary hearing if he makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause."  *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

As discussed above, Dunning has presented no evidence tending to show that Detective Merlo knowingly, intentionally, or recklessly made false statements in his affidavit.  Detective Merlo's failure to include the specific name of the law enforcement database in his affidavit does not qualify as a "false statement."  Dunning primarily focuses on the reliability of the information Merlo obtained from the database, not the reliability of Merlo himself.  Because Dunning has failed to make that preliminary showing required by

*Franks*, the undersigned agrees with Magistrate Judge Atkins that the defendant is not entitled to an evidentiary hearing on the issues he raises.

### III.

Having conducted a *de novo* review of the issues raised by Dunning in his objections [Record No. 45] to the Magistrate Judge's Report and Recommendation [Record No. 40], it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Edward B. Atkins [Record No. 40] is **ADOPTED** and **INCORPORATED** by reference;

2. Defendant Bret A. Dunning's objections to the Magistrate Judge's Report and Recommendation [Record No. 45] are **OVERRULED**; and

3. Defendant Bret A. Dunning's motion to suppress [Record No. 25] is **DENIED**.

This 15th day of October, 2015.

Signed By:
Danny C. Reeves   DCR
United States District Judge